Richardson J.
delivered the opinion of the Court.
The strict liability of common carriers by the common law» has been fully recognized in this State in many cases, and the general doctrine is established. The liability of ferrymen as common carriers, so often adjudged, is very analogous to the present case. The lerrytnan takes over a man—say for ten cents; but the man carries a pack. There can be no doubt the ferryman would be liable for the loss of the pack, al.hough he takes no toll separately for the packs. So if the contents of a wagon or of the load upon a horse be lost; because all must be necessarily placed in the custody of the ferryman. The stage contractor, the ferryman, the boatman, railroad companies and wagoners, are alike carriers over the public highway, and stand all in the same parity of reasoning, i. e., they come within the same necessary and strict legal policy of guarding against robberies or cheats by those, who, having the custody, are enabled to do wrong secretly. Inn-keepers, for the same reason, come under similar law, although not separately paid for the traveller’s baggage. In regard to stage contractors, the practice of requiring freight for baggage, if over a certain weight, illustrates well that baggage under that weight is virtually and fully paid for, by the personal passage money of the traveller. And it would be inconsistent to distinguish the contractor’s liability or exemption, by the weight of the baggage. And I would say, that in the United States, with our *471 very moving and no less migratory people, the law against common carriers are of great practical and every day importance: and apply readily to stage coaches, railroads and all travelling vehicles. Accordingly, in the neighboring States, and especially in New York, where there is great experience, the judicial decisions on such liability of stage contractors are many. There can he little doubt, therefore, that they are liable as common carriers. The case does not require the consideration of ex!reme cases or extraordinary instances of rich merchandize conveyed under the name of travelling baggage. Upon the 2d ground of appeal, the Court cannot perceive how the way-bill, which is merely an entry or record kept of the passengers by the stage contractor, for his own use, can make any difference. It is not like a bill of lading or a contract, but “ex pa-le” altogether. Lastly. The evidence of the contents of the lost trunk may have been only “prima facie,” and light. But it was plainly legal and competent for what it was worth, and sufficienty supports the circuit decision on the fact.
The motion is therefore dismissed.